PRISCILLA WORSTED MILLS *vs.* MARY VIZZACCO.

FEBRUARY 27, 1952.

PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a petition to review an agreement for compensation under the workmen's compensation act, general laws 1938, chapter 300, article III, §§1, 13. After a hearing in the superior court the petition was granted and a decree was entered ordering compensation to cease upon the entry thereof. From that decree respondent filed a claim of appeal but failed, for reasons hereinafter stated, to file a transcript together with her reasons of appeal within the time allowed therefor. On motion of the petitioner, respondent's claim of appeal was dismissed by the trial justice and a formal decree to that effect was duly entered. From that decree she claimed an appeal and has perfected it by filing her reasons of appeal together with a transcript of the hearing on the motion to dismiss, in accordance with the provisions of art. III, §7. That appeal is now before us.

Under her reasons of appeal respondent contends that the decree granting petitioner's motion to dismiss her claim of appeal is erroneous and should be reversed because it is against the law and the evidence. It appears from the record that respondent filed such claim of appeal on January 26, 1951 and deposited with the clerk of the superior court an amount to cover the estimated cost of the transcript. Thereafter that estimate was increased but respondent did not deposit an additional amount to cover such increase until March 19, 1951. The date for filing reasons of appeal together with the transcript was then fixed as of March 20, and later it was extended to May 10, 1951. However, the court stenographer did not present the transcript until May 15, and counsel for respondent refused to sign a receipt for the same on the ground that for him to do so at that time would be contrary to the terms of the order of extension of time for such filing.

As a result of that refusal the matter was taken up

informally in chambers before the trial justice who had heard the petition on the merits. At that meeting he discussed with counsel for the respondent what he, counsel, should do to meet the situation created by the delay of the stenographer in filing the transcript. What was said, however, became a matter of controversy later at the hearing on petitioner's motion to dismiss. Whatever the purport of that discussion, it appears that counsel did not then ask the trial justice to fix a new time for filing the reasons of appeal. together with the transcript because the file of the case was not at that time in the possession of either the trial justice or counsel. Later he made several attempts to contact the trial justice for such purpose but was unable to do so before petitioner filed its motion to dismiss the claim of appeal on May 25, 1951.

On June 8, 1951 that motion was heard and granted by the trial justice. The transcript of that hearing is before us and contains no testimony but simply statements of counsel for both parties and a long colloquy between the trial justice and counsel for the respondent which consists almost wholly of the somewhat contrary recollections of counsel and the trial justice concerning the discussion in his chambers on May 15, 1951.

In the course of the colloquy the trial justice stated that what he was trying to do at that conference was to be of assistance to counsel and that he had said then: "If you desire an extension of time look it up, come back, and I will give it to you." Apparently, however, he felt that counsel had delayed unreasonably in presenting such a request. On the other hand counsel did not understand that there was any urgency in the matter and, in any event, he had tried to contact the trial justice at the courthouse and had been unsuccessful.

We have carefully read the transcript and find it unnecessary to try to resolve that conflict. Taking the statements of the trial justice therein as a correct recollection of what was said at the conference in his chambers and

considering them in connection with his further statement of the reasons which prompted him to grant the petitioner's motion to dismiss respondent's claim of appeal, it appears that there is a sufficient record here to enable us to review such decision.

The chief topic of their discussion seems to have been whether counsel had acted seasonably in all the circumstances. However, it does not appear that the trial justice's ruling granting petitioner's motion to dismiss respondent's claim of appeal was based upon that matter at all. On the contrary his decision shows that he would have been willing to overlook respondent's delay in requesting an extension of time if she could have shown him that she had a substantial question of law to present to this court on appeal. It is clear from the record that he dismissed her claim of appeal because he felt that she had failed to make such showing.

The trial justice was apparently concerned about the fact that the allowance of the appeal would have the effect of continuing the obligation of petitioner to pay compensation pending the determination by this court of the appeal. Yet in commenting on that matter in making his decision he also stated that he was reluctant to deprive respondent of an appeal to this court "merely because of the passage of a few weeks time" and that if she could point out to him "any substantial question to be passed upon by the Supreme Court in this case" he would be influenced thereby "to a substantial degree." He then went on to say: "I have been unable to find where counsel has pointed out any such matter to be decided by the Supreme Court."

He further stated that he had "looked through" his rescript in the case with respect to the findings he had made and that except for findings 1 and 2 he did not think any question could be raised. He conceded that, in view of *Peters* v. *Monowatt Electric Corp.*, 78 R. I. 134, which was decided after his rescript had been filed, this court might feel that findings 1 and 2 "went beyond the scope of my

inquiry." But he added that he failed to see how such a ruling of this court as to those findings could affect findings 3 and 4, and concluded his statement by saying: "I don't know."

In our opinion the thought of the trial justice is clearly disclosed by the above summary of his decision and the quotations therefrom. He apparently felt that respondent ought to have her day in this court notwithstanding her counsel's confusion as to the necessary steps to be taken to assure that result. Although he felt that way he would not permit it unless her counsel could show him that there was a substantial question concerning the correctness of his decision which could be presented to this court on appeal.

Aside from the propriety of the trial justice requiring such a showing as a matter of appellate procedure, it is obvious from his decision that there is a justiciable question at least with reference to findings 1 and 2 of the decree. If those findings were allowed to remain they would be res judicata, and if they were erroneously made by the trial justice it would thereafter be too late for respondent to correct them. This being so the condition upon which the trial justice stated he would be influenced favorably to respondent was met and he should have denied the petitioner's motion and allowed further time for filing the transcript and reasons of appeal. We are, therefore, of the opinion that he abused his discretion in acting as he did.

The petitioner has questioned the jurisdiction of the superior court in permitting respondent to perfect her appeal in the instant proceedings, because at the time she claimed her appeal the record of the case was no longer before that court, having been certified to this court pursuant to our writ of certiorari issued on the petition of the present respondent. There is no merit in this contention. Upon request therefor this court permitted the record to be temporarily returned to the superior court to enable respondent to perfect her appeal. When she filed the

transcript together with her reasons of appeal the record was then properly before the superior court for allowance and it thereupon had jurisdiction to allow the appeal notwithstanding the pendency of the petition for certiorari here. By a separate opinion filed this day in *Vizzacco* v. *Priscilla Worsted Mills,* 79 R. I. 222, we have disposed of that petition.

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court with direction to fix a new time within which the respondent may file her reasons of appeal and transcript.

*Boss & Conlan, John T. Keenan,* for petitioner.
*Luigi Capasso,* for respondent.