**235 A.2d 864**

OWENS-CORNING FIBERGLAS CORP. *et al. vs.*
ARMAND GAGNON.

DECEMBER 1, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is an employee's appeal from a decree of the workmen's compensation commission affirming a decree of a trial commissioner which reduced the employee's weekly compensation benefits from total to partial on the basis that his incapacity had diminished. The employee seeks to have the decree of the full commission modified insofar as it affirms a single finding of fact by the trial commissioner on the ground that there is no evidence on the record to support it.

The record shows that the employer's petition to review was filed on February 16, 1966. The trial commissioner conducted six different hearings during which testimony was adduced both in support of and in opposition to the petition. At the last two hearings the commissioner was interested in hearing testimony of the employee to aid him in the determination of whether or not the employee had made a bona fide effort to locate suitable employment. The employee failed to appear at either hearing. On October 27, 1966, the date of the last hearing, the commissioner inquired if the employee was present to testify as to his efforts to obtain employment. Counsel for the employee then informed the commissioner that his client was confined in the Charles V. Chapin Hospital and accordingly requested a continuance for a "brief period." Counsel for the employer objected to a further continuance and the trial commissioner sustained the objection. Thereafter on November 9, 1966, a decree of the trial commissioner was filed which reduced the employee's weekly compensation benefits to maximum partial. The decree contained four findings of fact, the last of which is the subject of this appeal. It appears in the decree as follows:

"4. That the reason for the respondent not making a bona fide effort to obtain suitable employment does

not flow from nor is it connected with the injury of February 4, 1964."

The employee maintains that the above finding should be stricken since the record is utterly devoid of any evidence to support it. The employee states that if this finding is allowed to stand unchallenged, he will be foreclosed in the future by the doctrine of res judicata from raising any issue related thereto. We think there is merit in this argument. See *Priscilla Worsted Mills* v. *Vizzacco,* 79 R. I. 217, 221, 86 A.2d 655, 657.

The sole issue presented in the instant cause is whether or not there is any legally competent evidence to support the disputed finding of fact. Our search of the record fails to disclose such evidence.

Both the trial commissioner and the full commission specifically state in their respective decisions that no evidence was presented to explain the reason for employee's hospital confinement on October 27, 1966. Yet, on the other hand, the commissioner's finding of fact No. 4 which was affirmed by the full commission is a positive and categorical statement that the reason for employee's failure to make a bona fide effort to obtain work is unrelated to his compensable injury of February 4, 1964. This is a conclusion which is founded on pure speculation and not on any evidence presented to the commission. It cannot be allowed to stand. It is conceivable that at the proper time it can be shown that employee's presently unexplained presence at the Chapin Hospital was attributable to some medical consequence related to his original 1964 injury.

It is our opinion that the commission's final decree, insofar as it affirms the trial commissioner's finding of fact No. 4, is erroneous and any reference to this finding should be excluded from the commission's decree.

The employee's appeal is denied and dismissed, the decree appealed from is affirmed except as modified by this opinion,

and the case is remitted to the workmen's compensation commission for further proceedings.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Thomas D. Gidley,* of counsel, for petitioners.

*Abedon, Michaelson, Stanzler, Biener, Richard S. Mittleman,* of counsel, for respondent.